**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **LISA LAROCCA** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **C.A. NO.:  3:20-cv-00134** |
| | § | |
| **ALVIN INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| *Defendant.* | § | |

**ALVIN INDEPENDENT SCHOOL DISTRICT'S**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**
**PURSUANT TO RULE 12(b)(1) & (6)**

**NATURE AND STAGE OF PROCEEDINGS**

Lisa LaRocca filed suit against Alvin Independent School District (AISD or the District), claiming that the District violated her rights under Title VII of the Civil Rights Act of 1964 by discriminating against her based on her national origin. *See* Dkt. No. 10 at ¶¶ 62-72. LaRocca further claims the District violated her rights under Title VII by retaliating against her for complaining about (1) the alleged discrimination, (2) the District's non-compliance with special education laws, and (3) the level of training she received as a special education case manager. *See id.* at ¶¶ 73-79. AISD now moves to dismiss all of LaRocca's claims.

**STATEMENT OF RELEVANT FACTS AS PLED BY PLAINTIFF**

- LaRocca is from Brooklyn, New York and is of Italian descent. *Id.* at ¶¶ 37, 48, 50.

- LaRocca was employed by the District as a teacher from 2015 until 2019. *Id.* ¶¶ 8-9, 37.

- From October 9th through 17th, of 2018, LaRocca was placed on administrative leave for an alleged inappropriate physical interaction with a male student, as well as for verbally threatening the secretary for the special education department. *Id*. at ¶¶ 19-20.

- On October 18, 2018, upon her return to work, LaRocca was given the directive to not enter the special education office or classrooms. *Id*. at ¶ 24.

- At the staff Christmas luncheon, on December 19, 2018, LaRocca made another special education department employee uncomfortable by cursing at her. *Id*. at ¶¶ 34-35.

- As a result of the pattern of complaints against LaRocca, a representative from the District's Human Resources Department met with LaRocca, on January 8, 2019, and explained LaRocca's options – she could resign, finish the school year, and receive a letter of recommendation, or her contract could be recommended for termination at the end of the year. *Id*. at ¶¶ 34-36.

- LaRocca submitted her letter of resignation on January 10, 2019. *Id*. at ¶ 37.

- On February 28, 2019, LaRocca was placed on administrative leave, again, for disrupting the educational process by discussing her employment status with students. *Id*. at ¶¶ 46-47.

- During the 2017-2018 and 2018-2019 school years, LaRocca heard from students, or otherwise heard herself, that various teachers would remark that LaRocca is "different," "doesn't fit in," was Italian, and would comment on her New York accent. *Id*. at ¶¶ 10, 48-49, 51-52.

- LaRocca filed a report with the Equal Employment Opportunity Commission (EEOC) in September of 2019. *Id*. at ¶ 57. A right to sue letter was issued January 29, 2020. *Id*.at ¶ 59.

## **STATEMENT OF THE ISSUES**

1. LaRocca's discrimination claim based on her national origin should be dismissed because she has failed to exhaust her administrative remedies.

2. LaRocca's retaliation claim grounded in her complaining of the discrimination based on her national origin should be dismissed because she has failed to exhaust her administrative remedies.

3. LaRocca's retaliation claim based on her complaining of non-compliance with special education laws should be dismissed because she has failed to exhaust her administrative remedies.

4. LaRocca's retaliation claim based on her complaining about the lack of training she received as a special education case manager should be dismissed because she has failed to exhaust her administrative remedies.

5. LaRocca's discrimination claim based on her national origin should be dismissed because the alleged harassment is not sufficiently severe or pervasive.

6. LaRocca's discrimination claim based on her national origin should be dismissed because she does not plead she suffered an adverse employment action.

7. LaRocca's retaliation claims based on her complaining about the District's non-compliance with special education laws and the lack of training she received should be dismissed because she does not plead that she engaged in a protected activity.

8. LaRocca's retaliation claims should be dismissed because she does not plead a causal link between her alleged protected activities and the alleged adverse employment actions.

9. LaRocca lacks standing to assert a claim for injunctive relief against the District.

## <u>ARGUMENT AND AUTHORITIES</u>

### A.    *Standard of Review.*

#### 1.  <u>Rule 12(b)(1).</u>

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the Court's exercise of subject matter jurisdiction over a case. *See Den Norske Stats Oljeselskap As v. Heeremac VOF*, 241 F.3d 420, 424 (5th Cir. 2001). "In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. A court

must accept all factual allegations in the plaintiff's complaint as true, and the burden of establishing a federal court's subject matter jurisdiction rests with "the party seeking to invoke it." *See Pedrozo v. Clinton*, 610 F. Supp. 2d 730, 733 (S.D. Tex. 2009) (citing to *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002)).

      2.  Rule 12(b)(6).

    When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level…" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations omitted).

    The Supreme Court in *Iqbal* explained that *Twombly* illustrates the applicable "two-pronged approach" for determining whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 679. A court must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. Upon identifying the well-pleaded factual allegations, the court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

4

**B.**   **As the EEOC's right to sue letter is not based on the claims LaRocca now asserts in this suit, LaRocca has failed to exhaust her administrative remedies.**

As a precondition to seek judicial relief in federal court, LaRocca was required to exhaust her administrative remedies by filing an administrative charge with the EEOC. *See* 42 U.S.C. § 2000e-5(b); *see also Pacheco v. Mineta*, 448 F.3d 783, 788 n.6 (5th Cir. 2006), *cert. denied*, 549 U.S. 888 (2006). Although LaRocca asserts that she met all conditions prior to filing this lawsuit, the claims asserted in her EEOC charge were discrimination based on race, sex, and age, as well as retaliation – not discrimination and (by extension) retaliation based on her national origin. *Compare* Charge of Discrimination, attached as Exhibit A, *with* Dkt. No. 10 at ¶¶ 5-6, 54-57.[1] Further, LaRocca's EEOC charge did not assert a claim of retaliation based on reporting the District's alleged non-compliance with special education laws and her lack of training as the special education manager. *Compare* Exhibit A *with* Dkt. No. 10.

Although LaRocca alleges that she filed a grievance with the District that mentioned negative comments about her national origin, this is not equivalent to filing a charge with the EEOC. Dkt. No. 10 at ¶ 54; *see Pacheco*, 448 F.3d at 788. Further, LaRocca asserts that she filed a report with the EEOC on March 6, 2019, in which she alleged she was "blacklisted" for reporting the school's non-compliance with special education rules; however, the right to sue letter she received was only based on the charge filed with the

---

[1] In a Rule 12(b)(6) motion to dismiss, attached documents are considered part of the pleadings, "if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *see also* Dkt. No. 10 at ¶¶ 5-6, 55-59. Further, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record," such as a plaintiff's underlying charge of discrimination in a Title VII lawsuit. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

EEOC in September of 2019. *See* Exhibit A. And, as stated above, this charge does not allege discrimination or retaliation based on national origin, retaliation based on reporting non-compliance issues with special education laws, or retaliation based on complaining of a lack of training. *Id.*

As such, LaRocca has failed to exhaust her administrative remedies as to all of her claims that she seeks judicial relief from this Court for. *See Pacheco*, 448 F.3d at 788; *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 577-78 (5th Cir. 1993) (finding plaintiff did not exhaust her administrative remedies with respect to an incident of sexual discrimination because the incident sued upon was separate from the one raised in her administrative charge); *Young v. City of Houston*, 906 F.2d 177, 179-80 (5th Cir. 1990) (finding administrative remedies were not exhausted for a sex discrimination claim because plaintiff had alleged a race and age discrimination in his charge). This failure is fatal to all of LaRocca's claims. *See* 42 U.S.C. § 2000e-5(b); *Pacheco*, 448 F.3d at 788 n.6

**C.**  **Even if she had properly exhausted her administrative remedies, LaRocca still fails to state a claim for discrimination and retaliation.**

1. <u>LaRocca fails to state a claim for a hostile work environment based on her national origin.</u>

LaRocca alleges that she was discriminated and harassed by supervisors and co-workers based on her national origin. *See* Dkt. No. 10 at ¶¶ 62-69. To state a hostile work environment claim under Title VII, LaRocca must plead facts that show (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the District knew or should have known of the harassment

but failed to take prompt remedial action. *See E.E.O.C. v. WC&M, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007). Even assuming LaRocca pled sufficient facts to meet the first, second, and fifth elements, she fails to plead facts that show the harassment (that was based on her national origin) affected a term, condition, or privilege of employment. *See generally*, Dkt. No. 10.

The Supreme Court has held that the workplace "discriminatory intimidation, ridicule, and insult" must be "sufficiently severe or pervasive to alter the conditions" of employment to violate Title VII. *Harris v. Forklift Sys.,* 510 U.S. 17, 21 (1993) (quoting *Meritor Savings Bank FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986)). For harassment to be so severe or pervasive, the conduct complained of must be both subjectively and objectively offensive. *See WC&M*, 496 F.3d at 399 (citing to *Harris*, 510 U.S. at 21-22). To determine if the workplace was objectively offensive, courts consider the totality of the circumstances, including: (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct was physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance. *Id*. at 399 (citing to *Harris*, 510 U.S. at 23). LaRocca's pleadings fall far short of being objectively offensive.

Applying *Twombly*, the Court must first identify the pleadings that amount to nothing more than legal conclusions unsupported by factual allegations. *Twombly*, 550 U.S. at 555. Such "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to sustain a plaintiff's claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Supreme Court made clear that a plaintiff must plead factual allegations that

support the essential elements of her case in order to meet her pleading burden under Federal Rule of Civil Procedure 8(a)(2), and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Therefore, the Court must assume the veracity of LaRocca's pleadings "and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

All of LaRocca's allegations of harassment based on her Italian heritage center around other teachers gossiping about her and only amount to "the-defendant-unlawfully-harmed-me" accusations. *See* Dkt. No. 10 at ¶¶ 10, 37, 48-52; *see also WC&M*, 496 F.3d at 399-400; *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. At best, LaRocca alleges that on four occasions, spanning over two school years, teachers would mock her accent (which is not an Italian accent, but rather a Brooklyn accent) and would state she is Italian. *See* Dkt. No. 10 at ¶¶ 10, 48, 51-52. Although LaRocca pleads, in a conclusive manner, that the mocking would occur "regularly," this allegation is entirely devoid of any specificity that would allow the Court to draw the inference that actionable harassment occurred at all, much less on a regular basis. *See id*. at ¶¶ 49-50. Therefore, LaRocca's allegations amount to infrequent, mere offensive utterances that are insufficient to establish objectively offensive harassment necessary to state a violation of Title VII for a hostile work environment. *See WC&M*, 496 F.3d at 399; *see Pickens v. Shell Technology Ventures, Inc.*, 118 F. App'x 842, 850 (5th Cir. 2004) (citing to *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 264 (5th Cir. 1999)) ("discourtesy, rudeness, offhand comments, and isolated

8

incidents that are not extremely serious will not amount to discriminatory changes in the terms and conditions of employment"). Additionally, LaRocca does not allege that, because of a few teachers mocking her accent, she was unable to perform her work duties. *See generally*, Dkt. No. 10.

Further, although LaRocca spends numerous pages detailing examples of perceived mistreatment (including finding her name plate on the ground, being excluded from meetings and trainings, and being stared at by another teacher at a football game), nowhere in her complaint does she allege facts that would allow this Court to draw the parallel between the mistreatment and LaRocca's national origin. *See generally*, Dkt. No. 10. Without pleading the necessary factual substance, the Court cannot infer that any perceived mistreatment was, or was not, based on LaRocca's national origin. Because LaRocca's allegations allow the Court to draw either inference, if the Court were to accept LaRocca's proffered inference, the Court would impermissibly allow this case to proceed on the basis of a guess. *Twombly*, 550 U.S. at 555-59 (cautioning against the drawing of false inference when the facts alleged would permit the drawing of two competing opposed conclusions); *see also Chhim v. Aldine Indep. Sch. Dist.*, 583 F. App'x 303, 304 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1425 (2015) (finding plaintiff failed to state a claim for discrimination based on a hostile work environment as he did not allege facts linking the alleged harassment with his race or national origin) (citing to *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

As such, LaRocca fails to plead factual allegations that would support her claim that she was subjected to a hostile work environment based on her national origin, and her claim should be dismissed.

2.   <u>LaRocca fails to state a claim for straight discrimination based on her national origin.</u>

Insofar as LaRocca also alleges a straight discrimination claim for disparate treatment based on her national origin, her pleadings fail to establish this claim as well. *See* Dkt. No. 10 at ¶¶ 62-72. Although LaRocca is not required to plead sufficient facts that establish *each* prong of the prima facie test, she is required to "plead sufficient facts on all of the *ultimate elements* of a disparate treatment claim to make [her] case plausible." *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)) (emphasis in original) (additions added). The Fifth Circuit has found that "there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (a) an 'adverse employment action,' (2) taken against a plaintiff 'because of her protected status.'" *Id*. at 767 (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)). LaRocca fails to plead sufficient facts that support she suffered an adverse employment action taken against her because of her Italian descent. *See generally*, Dkt. No. 10.

Under well-settled jurisprudence, a discrimination plaintiff must identify an ultimate employment action, which includes hiring, granting *unpaid* leave, discharging, promoting, or compensating. *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007); *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 62 (2006). At

best, the adverse actions LaRocca identifies in her pleadings are: (1) being directed to not enter the special education office or any behavior classrooms, which, consequently, prevented her from using the restroom found within the special education offices and excluded her from department meetings; and (2) being placed on paid administrative leave twice, following reports of inappropriate behavior. *See* Dkt. No. 10 at ¶¶ 20, 24, 26, 30, 32, 35-36, 44-47, 71. Neither of these amount to an ultimate employment action and, therefore, cannot support LaRocca's claim of discrimination. *See McCoy*, 492 F.3d at 559.

Further, LaRocca does not plead facts that would allow this Court to infer that these actions were taken because of her Italian heritage. *See generally*, Dkt. No. 10. In fact, LaRocca affirmatively pleads that she was initially banned from entering the special education offices, where one of the school's restrooms was located, because other employees who worked in that area were physically intimidated by her. *See* Dkt. No. 10 at ¶¶ 19-20, 24-26. However, LaRocca was not deprived of a restroom. Rather, she affirmatively pleads that, after she reported her restroom issue to Principal Briseno, she was given her own set of keys to use the staff only restroom. *Id*. at ¶ 30. Further, LaRocca affirmatively pleads that her exclusion from special education departmental meetings and trainings was due to her continued intimidation of other employees in that department. *Id*. at ¶¶ 34-35, 44-45. And any impediment this caused LaRocca in performing her job duties, is not pled. *See generally, id*. Rather, LaRocca, in a cursory manner, claims exclusion from departmental meetings and access to the special education offices "impeded her ability to do her work." *See id*. at ¶¶ 32, 45. This amounts to a bare accusation that is insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

As such, LaRocca fails to plead factual allegations that would support her claim that she was discriminated based on her national origin, and her claim should be dismissed. *See Cicalese*, 924 F.3d at 766.

      3.  <u>LaRocca fails to state a claim for retaliation.</u>

To establish a prima facie case of retaliation that survives a motion to dismiss, LaRocca must plead (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) that there was a causal link between the protected activity and the adverse employment action. *Fisher v. Lufkin Indus., Inc.*, 847 F.3d 752, 757 (5th Cir. 2017) (citing to *Zamora v. City of Houston*, 798 F.3d 326, 331 (5th Cir. 2015)). LaRocca fails to plead facts that show a causal link between her alleged protected activities and any adverse employment actions. *See generally*, Dkt. No. 10.

LaRocca asserts that she engaged in protected activity when she complained about the District's alleged non-compliance with special education laws and her lack of training as a special education case manager. *See id*. at ¶¶ 74-75. "Protected activities consist of (1) opposing a discriminatory practice; (2) making or filing a charge; (3) filing a complaint; or (4) testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing." *Rodriquez v. Wal-Mart*, 540 F. App'x 322, 328 (5th Cir. 2013). Complaining to staff and administrators about perceived non-compliance with federal laws and not receiving enough training does not equate to a protected activity under Title VII. *See id*. Therefore, LaRocca's theories of retaliation based on these alleged protected activities fail to state a claim.

LaRocca also pleads that she engaged in protected activity "when she complained about discrimination and harassment based on national origin to AISD administrators." *See* Dkt. No. 10 at ¶ 73. In response, LaRocca pleads the District changed her job assignment and duties and imposed terms and conditions that were not imposed on other employees. *See* Dkt. No. 10 at ¶ 76. Assuming that LaRocca alleges a valid adverse employment action to support her remaining theory of retaliation, LaRocca must still plead that the alleged adverse action was "but for" her protected activity. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). In other words, LaRocca must plead sufficient facts that the District would not have changed her job assignment and duties, or imposed different terms and conditions, in the absence of her complaining of harassment based on her national origin. *See id*. But LaRocca fails to do this.

LaRocca pleads that she was assigned to a new position during the 2018-2019 school year. *See* Dkt. No. 10 at ¶¶ 12-13. However, LaRocca pleads that she remained a Professional Communications teacher, but was simply given the added responsibility of being a special education case manager. *Id*. at ¶¶ 9, 13. More importantly, LaRocca does not plead any facts that would show a causal connection between her new assignment as a special education case manager and her complaining about harassment based on her national origin. *See generally*, *id*. Rather, in a solely conclusory manner, LaRocca asserts a causal connection because Heil (an assistant principal), Jenning (an Agricultural Science teacher), and Webb (an Agricultural Science teacher) made comments that she was Italian, on three occasions over two school years. *Id*. at ¶¶ 9, 51-52. This amounts to bare

accusations that are insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

At best, LaRocca pleads that, during the 2017-2018 school year, she had conversations with Assistant Principal Heil, who informed LaRocca that she was disliked by her colleagues out of jealousy. *See* Dkt. No. 10 at ¶¶ 10, 77. Even though LaRocca pleads that Heil informed her that her colleagues were jealous because she was Italian, LaRocca also pleads that she was informed that her colleagues were jealous because she was from New York, had an accent, and was curvy. *Id*. at ¶ 10. As such, the Court cannot infer that any perceived mistreatment was, or was not, based on LaRocca's national origin. If the Court were to accept LaRocca's proffered inference, the Court would impermissibly allow this case to proceed on the basis of a guess. *Twombly*, 550 U.S. at 555-59.

Without alleging sufficient facts to plead the alleged adverse action was "but for" her protected activity, LaRocca fails to state a prima facie case of retaliation and her claim should be dismissed. *See Fisher*, 847 F.3d at 757.

**D.     As LaRocca is no longer an employee of the District, she lacks standing to assert a claim for injunctive and declaratory relief.**

"[A] plaintiff who has merely alleged a past statutory violation and does not assert any likelihood that she will be subjected to a similar violation in the future or purport to represent a specific class of individuals that is in danger of discrimination from the defendant lacks the standing to seek injunctive relief." *Shafer v. Army & Air Force Exchange Serv.*, 376 F.3d 386, 398 (5th Cir. 2004) (discussing *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563-64 (5th Cir. 1998)). LaRocca affirmatively pleads that she resigned

14

her position at the District and, therefore, is no longer employed by the District and in danger of further alleged discrimination. *See* Dkt. No. 10 at ¶ 37.[2]

Further, LaRocca does not plead that she is seeking injunctive relief on behalf of a specific class of individuals in danger of continued discrimination. *See generally*, Dkt. No. 10. Rather, LaRocca broadly requests this Court to enjoin the District from subjecting *all employees* to discrimination based on national origin and retaliation for engaging in protected activity. *See id.* at ¶ 81. This is insufficient. *See Armstrong*, 141 F.3d at 563. As a result, her request for injunctive and declaratory relief against the District is moot and should be dismissed for lack of standing. *Shafer*, 376 F.3d at 398.

## PRAYER

Based on the above, Alvin Independent School District respectfully requests the Court grant its Motion to Dismiss, dismiss all of Lisa LaRocca's claims against it, and award the District its taxable costs of court.

---

[2] Insofar as LaRocca contends that she rescinded her resignation and, therefore, is still employed by the District, this argument does not hold water. *See* Dkt. No. 10 at ¶¶ 37, 40. Pursuant to decisions by the Texas Commissioner of Education, a resignation submitted not later than the 45th day before the first day of instruction of the following school year is effective upon receipt by the school district and cannot be withdrawn based on an argument that the District has not accepted the resignation. *Fantroy v. Dallas Indep. Sch. Dist.*, Docket No. 034-R8-0206 (Tex. Comm'r Educ. Mar. 5, 2009); *Garcia v. Miles Indep. Sch. Dist.*, Docket No. 055-RI-503 (Tex. Comm'r Educ. Nov. 30, 2006).

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

CLAY T. GROVER
State Bar No. 08550280
Fed. I.D. 15064
cgrover@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. 3227731
ademmler@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:     713/960-6000
Facsimile:     713/960-6025

ATTORNEYS FOR ALVIN ISD

## CERTIFICATE OF COMPLIANCE

Pursuant to Galveston District Court Local Rule 6, I certify that, on May 28, 2020, counsel for the District spoke with counsel for Ms. LaRocca via telephone regarding the District's intention to file a Rule 12(b) motion to dismiss, as well as the basis for such filing. On May 28, 2020, counsel for the District informed counsel for Ms. LaRocca, in a written letter, via email and regular mail, of Ms. LaRocca's right to amend her pleadings fourteen (14) days from the date of the letter, in accordance with Local Rule 6. On June 11, 2020, the Parties filed a letter of agreement with the Court extending Ms. LaRocca's time to amend her pleadings until June 19, 2020. Ms. LaRocca filed her amended complaint on June 18, 2020.

## CERTIFICATE OF CONFERENCE

I certify that, on June 18, 2020, counsel for the District emailed counsel for Ms. LaRocca to inform her that the District believes the same deficiencies in the complaint exist and that it intends to proceed forward with filing a motion to dismiss. Ms. LaRocca's counsel advised she is opposed to the motion to dismiss.

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Susan Soto
Susan Soto Law, PLLC
*soto@sotoschoollaw.com*

Attorney for AISD