United States District Court
Southern District of Texas
**ENTERED**
October 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LISA LAROCCA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-CV-00134 |
| | § | |
| ALVIN INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Before me is Alvin Independent School District's Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss"). *See* Dkt. 11. After considering the parties' submissions and the relevant case law, I recommend that the Motion to Dismiss be **GRANTED**.

## BACKGROUND

On September 20, 2019, Plaintiff Lisa LaRocca ("LaRocca") timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[1] A few months later, she received a notice of her right to sue. Then, on April 28, 2020, LaRocca filed this lawsuit against her former employer, Defendant Alvin Independent

---

[1] The First Amended Complaint alleges that LaRocca filed separate charges of discrimination with the EEOC in March 2019 and September 2019. This lawsuit is based solely on the September 2019 charge of discrimination, which is the charge of discrimination explicitly referenced in the applicable right to sue letter. *See* Dkt. 11-1. In her response to the Motion to Dismiss, LaRocca does not attach the March 2019 charge of discrimination, nor does she attempt to rely on it. Thus, for purposes of evaluating the instant Motion to Dismiss, I look solely to the factual allegations contained in the September 2019 charge of discrimination ("EEOC charge").

School District (the "District"). The Original Complaint asserted two causes of action under Title VII of the Civil Rights Act of 1964: hostile work environment based on national origin and retaliation.

After accepting service, the District contacted LaRocca and conveyed its intent to move to dismiss the complaint. Thereafter, the parties entered into an agreement extending the deadline for LaRocca to amend her complaint beyond the 14-day period set forth by local rule. A few days later, LaRocca filed her First Amended Complaint. The First Amended Complaint, like the Original Complaint, alleges two causes of action: hostile work environment based on national origin and retaliation. The District has moved to dismiss both of LaRocca's claims for failure to exhaust administrative remedies and failure to state a claim.

## LEGAL STANDARDS[2]

### A. 12(b)(6)

When evaluating a motion to dismiss for failure to state a claim, a court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[2] In addition to Federal Rule of Civil Procedure 12(b)(6), the District's motion also references Rule 12(b)(1), suggesting that a Title VII litigant's failure to exhaust their administrative remedies before the EEOC relates to subject matter jurisdiction. Because the District is mistaken, I do not discuss Federal Rule of Civil Procedure 12(b)(1). *See Shaw v. Helix Energy Sols. Grp., Inc.*, No. CV H-18-3200, 2019 WL 3557843, at *7 n.6 (S.D. Tex. July 12, 2019) ("Whether a Title VII plaintiff has exhausted his administrative remedies does not relate to subject matter jurisdiction. Instead, exhaustion of administrative remedies is a procedural predicate to filing suit, and where there has been no exhaustion of a Title VII claim, there can be recovery.") (citation omitted).

2

accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). Under this standard, a court must demand "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). In ruling on a motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**B.     TITLE VII EXHAUSTION REQUIREMENT**

"Before filing a claim under Title VII in federal court, plaintiffs must first exhaust their administrative remedies by filing a charge of discrimination with the [EEOC] within a statutorily mandated time period. Administrative exhaustion for Title VII claims is mandatory (but not jurisdictional), and courts will dismiss claims not properly exhausted." *Wiggins v. Golden Corral Corp.*, 802 F. App'x 812, 814 (5th Cir. 2020) (internal quotation marks and citations omitted). To determine whether a claim has been presented to the EEOC for purposes of the exhaustion requirement, a district court may expand its inquiry beyond "the scope of the administrative charge itself" to include consideration "of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 379 (5th Cir. 2019). To this end, "the crucial element of a charge of discrimination is the factual statement contained therein." *Id.*

## ANALYSIS

**A.** **HOSTILE WORK ENVIRONMENT BASED ON NATIONAL ORIGIN**

LaRocca alleges that the District subjected her to a hostile work environment because of her national origin. The District argues that this claim should be dismissed for a failure to exhaust administrative remedies because "the claim[] asserted in [LaRocca's] EEOC charge [was] discrimination based on race, sex, and age, . . . not discrimination . . . based on her national origin." Dkt. 11 at 5. Aside from the exhaustion question, the District maintains that dismissal is proper because LaRocca's complaint fails to plead facts supporting each element of the hostile work environment claim. Because I find the exhaustion argument dispositive, I focus my attention there.

In evaluating the exhaustion issue, I must decide whether LaRocca's hostile work environment claim could reasonably be expected to grow out of the factual allegations she asserted in the EEOC charge. The answer is clearly no.

In the relevant EEOC charge from September 2019, LaRocca checked the following boxes:

```
DISCRIMINATION BASED ON (Check appropriate box(es) )
[X] RACE    [ ] COLOR      [X] SEX    [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE   [ ] DISABILITY            [ ] GENETIC INFORMATION
[ ] OTHER (Specify)
```

Dkt. 11.1 at 2. Notably, LaRocca did not check the national origin box, notwithstanding the fact that her prior counsel prepared the EEOC charge. *See id.* LaRocca claims her failure to check the national origin box is not fatal to the hostile work environment claim

4

because the EEOC charge nonetheless contains factual allegations implicating such a claim. Specifically, LaRocca contends that in the addendum attached to the EEOC charge she used the term "ethnicity," which LaRocca insists is synonymous with the term "national origin." I find this argument unpersuasive.

Discrimination based on national origin is defined broadly, to include acts of discrimination undertaken "because an individual has the physical, cultural or linguistic characteristics of a national origin group." 29 C.F.R. §1606.1. Therefore, "national origin claims have been treated as ancestry or ethnicity claims in some circumstances. For example, in the Title VII context, the terms overlap as a legal matter." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 614 (1987) (Brennan, J., concurring). While the terms "national origin" and "ethnicity" may overlap as a legal matter, LaRocca's EEOC charge simply does not allege facts supporting a national origin claim. In the EEOC charge, LaRocca does not discuss or identify her national origin in the paragraph where she uses the term "ethnicity." Indeed, LaRocca only mentions that she is an "American female of Italian descent" in the first sentence of the EEOC charge, but she never brings it up again and certainly never links that heritage to the District's alleged misbehavior. To be clear, in the same paragraph where LaRocca uses the term "ethnicity," she describes the District's conduct as follows:

5

> I. Alvin ISD discriminated against Lisa by treating Lisa unfavorably because of Lisa's race and ethnicity. Lisa is a New Yorker who exhibits certain typical Brooklyn behavior. Alvin ISD administrators made demeaning comments about Lisa's NewYorker/Brooklyn mannerisms and asked her to *"tone her New York down and try to fit it"*. Lisa was treated unfavorably and differently from other colleagues (white females from Texas) because most of her colleagues were females from Texas whose behavior and mannerism were stark opposites of a typical new-yorker/new-york female such as Lisa. Lisa's so called "new-york" mannerisms caused her to be written up for frivolous reasons and eventually investigated for "unprofessional behavior" because the other non- new york teachers felt *"uncomfortable"* with Lisa and her mannerisms.

Dkt. 11-1 at 4. At most, these factual allegations reveal LaRocca's belief that the District and her fellow employees treated her unfavorably due to her "NewYorker/Brooklyn mannerisms," not her ethnicity/national origin. In other words, nothing in the charge of discrimination even suggests that the hostile work environment claim asserted in this suit (national origin), could reasonably be expected to grow out of the factual allegations asserted in the EEOC charge. Consequently, "[t]he combination of not checking the ["national origin"] box and not describing a [national origin] claim leaves a failure to exhaust," warranting dismissal. *McLin v. Chiles*, No. 3:14CV636-DPJ-FKB, 2015 WL 898280, at *3 (S.D. Miss. Mar. 3, 2015). *See also Anderson v. Venture Express*, 694 F. App'x 243, 247 (5th Cir. 2017) ("[Plaintiff] failed to exhaust his administrative remedies by failing to include the retaliation claim in his EEOC charge, either by checking the box or describing retaliation."); *Luna v. Lockheed Martin Corp.*, 54 F. App'x 404, 2002 WL 31687698, at *1 (5th Cir. 2002) (affirming summary judgment on plaintiff's national origin claim for failure to exhaust administrative remedies when plaintiff did not check the national origin box on the EEOC charge). This result is only bolstered by the fact that LaRocca was represented by counsel before the EEOC. *See Walton–Lentz v. Innophos, Inc.*, 476 F. App'x 566, 570 (5th Cir. 2012) (holding that the plaintiff's "being represented

6

by counsel in filing her EEOC charges further supports the district court's ruling" that her failure to mention a hostile work environment claim in the EEOC charge was not a mere technical deficiency and constituted a failure to exhaust).

**B. RETALIATION**

Next, the District argues that LaRocca's retaliation claim should fail for at least two reasons. First, the district argues that LaRocca failed to exhaust her administrative remedies because the EEOC charge "does not allege . . . retaliation based on national origin, retaliation based on reporting non-compliance issues with special education laws, or retaliation based on complaining of a lack of training." Dkt. 11 at 6. Second, the District argues that LaRocca's complaints about non-compliance with federal laws and her lack of training do not constitute protected activities for purposes of a Title VII retaliation claim. I address these arguments in reverse order.

Title VII prohibits employers from taking adverse employment actions against an employee that has opposed a discriminatory employment practice or participated in any Title VII enforcement proceedings. *See* 42 U.S.C. § 2000e-3(a). To establish a Title VII retaliation claim, LaRocca must show "that: (1) she participated in an activity protected by Title VII; (2) she was subject to an adverse employment action; and (3) there is a causal connection between the adverse employment action and the protected activity." *Abbood v. Tex. Health & Hum. Servs. Comm'n*, 783 F. App'x 459, 462 (5th Cir. 2019). To satisfy the first element, LaRocca alleges that her retaliation claim is based on three protected activities:

7

> 73. Mrs. LaRocca participated in protected activity when she complained about discrimination and harassment based on national origin to AISD administrators.
>
> 74. Mrs. LaRocca participated in protected activity when she complained about non-compliance with special education laws governing documentation and paperwork to campus special education department staff and AISD administrators.
>
> 75. Mrs. LaRocca participated in protected activity when she complained about the lack of training for the job assignment she was given as a Special Education Case Manager.

Dkt. 10 at 27–28. The District argues that these allegations fail to state a claim for relief under Title VII's retaliation provisions because they do not demonstrate that LaRocca engaged in any protected activities.

In evaluating LaRocca's allegations of protected activities, I am guided by the Fifth Circuit's recent explanation of controlling law:

> To prevail on [her] Title VII claims, [a plaintiff] must show that [she] is entitled to protected status, or engaged in a protected activity. . . . Protected status extends to individuals on the basis of "race, color, religion, sex, or national origin." Protected activity is the "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." Title VII is an anti-discrimination law, not a general civility code. In the retaliation context, protected activity is dependent on Title VII's categories of protected individuals. Importantly, Title VII protects an employee *only from retaliation for complaining about the types of discrimination it prohibits*.

8

*Brackens v. Stericycle, Inc.*, --- F. App'x ---, 2020 WL 5807570, at *3 (5th Cir. Sept. 29, 2020) (cleaned up) (emphases added). Based on the Fifth Circuit's pronouncement, only one of LaRocca's alleged protected activities implicates Title VII: her complaints to the District's administration regarding the discrimination and harassment she was allegedly subjected to because of her national origin. The First Amended Complaint does not in any way link the other alleged protected activities to the type of discrimination Title VII prohibits. Thus, although LaRocca characterizes her retaliation claim as arising from three protected activities, this characterization is legally incorrect. Although non-compliance with special education laws and insufficient training might give rise to some other cause of action, if those failures are not in some way causally linked to race, color, religion, sex, or national origin, then Title VII is the wrong avenue to pursue relief. Accordingly, LaRocca's complaints about non-compliance with federal laws and insufficient training do not constitute protected activities that can serve as a basis for her Title VII retaliation claim.

Having disposed of two of the so-called protected activities, I turn to the District's failure to exhaust argument. Consistent with the standard applied above to the hostile work environment claim, I must decide whether LaRocca's retaliation claim based on national origin could reasonably be expected to grow out of the factual allegations asserted in the EEOC charge. In the EEOC charge, LaRocca complained that she suffered retaliation after filing a formal grievance with the District in January of 2019. LaRocca specifically explained that her January 2019 "grievance complained of 1) Hostile work environment and the forced resignation, 2) Sexual harassment[,] 3) Unfair reprimands[, and] 4) Discrimination based on sex and race." Dkt. 11-1 at 4–5. Importantly, LaRocca did not

9

check the national origin box, and neither race discrimination nor sex discrimination is synonymous with national origin discrimination. Moreover, the EEOC charge does not describe any factual allegations otherwise suggesting that the District retaliated against LaRocca for complaining about discrimination based on her national origin. Consequently, LaRocca has not fulfilled the administrative exhaustion requirement and her retaliation claim should be dismissed. *See Anderson*, 694 F. App'x at 247; *McLin*, 2015 WL 898280, at *3. Again, this result is only bolstered by the fact that LaRocca was represented by counsel before the EEOC. *See Walton–Lentz*, 476 F. App'x at 570.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Motion to Dismiss (Dkt. 11) be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 28th day of October 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE