United States District Court
Southern District of Texas
**ENTERED**
December 10, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LISA LAROCCA § | |
| § | |
| VS. § | CIVIL ACTION NO. 3:20-CV-00134 |
| § | |
| ALVIN INDEPENDENT SCHOOL § | |
| DISTRICT § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

On September 1, 2020, the court referred defendant Alvin Independent School District's motion to dismiss (Dkt. 11) to United States Magistrate Judge Andrew M. Edison pursuant to 28 U.S.C. § 636. Dkt. 18. On October 28, Judge Edison filed a memorandum and recommendation recommending the motion be granted. Dkt. 22.

On November 25, the plaintiff filed her objections to the memorandum and recommendation. *See* Dkt. 30. The defendant responded to the plaintiff's objections on December 8. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

There are a few arguments the plaintiff raises in her objections that the court wants to address specifically.

First, the plaintiff raises new evidence and arguments not submitted to Judge Edison. For example, the plaintiff presents several arguments based on a declaration from her previous counsel, along with numerous documents from his litigation file. None of these documents or their attendant arguments were presented to Judge Edison. "Because [the plaintiff is] not entitled to raise arguments for the first time in [her] objections to the Magistrate Judge's Report and Recommendation that were not asserted in [her original filing], these new arguments are not properly before the Court for consideration." *McPeak-Torres v. Texas*, No. CV G-12-075, 2015 WL 12748276, at *1 (S.D. Tex. Jan. 22, 2015) (Costa, J.); *see also Freeman v. Cty. of Bexar*, 142 F.3d 848, 850 (5th Cir. 1998) (recognizing that, absent compelling reasons, the requirement that the district court conduct de novo review does not permit the parties to raise "new evidence, argument, and issues that were not presented to the Magistrate Judge"); *Cupit v. Whiteley*, 28 F.3d 532, 535 (5th Cir. 1994) (arguments that could have been raised before the magistrate judge, but were raised for the first time in objections before the district court, are waived); *Paterson–Leitch Co., Inc. v. Mass. Mun. Wholesale Elec., Inc.*, 840 F.2d 985, 990–91 (1st Cir. 1988) (while a party is entitled to de novo review before a district court upon filing objections to the memorandum and recommendation of a magistrate judge, this does not entitle a party to raise issues or arguments which were not previously presented to the

magistrate judge). Moreover, the court notes that the evidence the plaintiff attaches to her objections is not referred to in the first amended complaint and is not a matter on which judicial notice can be taken. Thus, even if the plaintiff had submitted this evidence to Judge Edison, it would not have changed the outcome of his determination.[1]

Second, the plaintiff requests to further amend her pleading. Because the court allowed the plaintiff to amend before the defendant filed the motion to dismiss, this request is denied.

Turning to the merits of Judge Edison's decision, the court finds Judge Edison's memorandum and recommendation persuasive and overrules the plaintiff's objections. The court has carefully considered the objections, the response, the memorandum and recommendation, the pleadings, the applicable law, and the record. The court accepts Judge Edison's recommendations (Dkt. 22) and adopts them as the opinion of the court. Accordingly, the court grants the defendant's motion to dismiss (Dkt. 11).

---

[1] *See Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) ("In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. When a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims, however, the court can also properly consider those documents." (citations omitted)).

Signed on Galveston Island this 10th day of December, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE