# United States Court of Appeals
# for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
April 26, 2022
Nathan Ochsner, Clerk of Court

United States Court of Appeals
Fifth Circuit
FILED
April 4, 2022
Lyle W. Cayce
Clerk

No. 21-40043

LISA LAROCCA,

*Plaintiff—Appellant,*

versus

ALVIN INDEPENDENT SCHOOL DISTRICT,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:20-CV-134

---

Before KING, JONES, and DUNCAN, *Circuit Judges.*

PER CURIAM:*

Lisa LaRocca, an American citizen of Italian descent, appeals the district court's dismissal of her Title VII claims against her former employer, Alvin Independent School District. The district court found that LaRocca had not exhausted her hostile work environment and retaliation claims and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40043

denied her request to amend her complaint. We REVERSE and REMAND for further proceedings.

## I.

From 2015 to 2019, Lisa LaRocca, originally from Brooklyn, New York, worked as a teacher for the Alvin Independent School District (AISD) in Alvin, Texas. In September 2019, LaRocca's counsel filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that AISD discriminated against her on the basis of her race, sex, and age, and retaliated against her for reporting that discrimination. The EEOC accepted the filed charge, and, in January 2020, it issued LaRocca a right to sue letter.

With new counsel, LaRocca filed her first complaint in April 2020. After an extension of LaRocca's deadline to amend her complaint was agreed to by the parties, LaRocca filed an amended complaint in June 2020. Also in June, AISD filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The motion was referred to a magistrate judge, and, in August, the magistrate judge issued a scheduling order for the case. Oral argument was held in September 2020.

In October, the magistrate judge issued a memorandum and recommendation concluding that the motion to dismiss should be granted. First, the magistrate judge found that dismissal of LaRocca's hostile work environment claim was appropriate because the EEOC charge did not have the box for discrimination based on "national origin" checked and the factual

---

[1] The motion to dismiss also argued that LaRocca's failure to exhaust her administrative remedies relates to subject matter jurisdiction, warranting dismissal pursuant to Rule 12(b)(1), but the magistrate judge rejected that interpretation of law, and that finding was not appealed.

No. 21-40043

allegations in the EEOC charge did not describe a national origin claim. Second, the magistrate judge found that dismissal of her retaliation claim was appropriate because (1) "only one of LaRocca's alleged protected activities implicates Title VII: her complaints to [AISD] administration regarding the discrimination and harassment she was allegedly subjected to because of her national origin" and (2) that protected activity, based on national origin discrimination, could not "reasonably be expected to grow out of the factual allegations in the EEOC charge" because of the charge's lack of reference to national origin.

LaRocca's new counsel filed objections arguing that (1) the district court should consider new evidence, attaching a series of exhibits, (2) LaRocca did not fail to exhaust her administrative remedies, (3) LaRocca engaged in three protected activities rather than merely one, and (4) the district court should allow her to amend her complaint because good cause existed. AISD responded, and in addition to asking the court to adopt the magistrate judge's findings, argued that (1) LaRocca improperly attempted to submit new evidence, (2) LaRocca did not provide a valid excuse for not including the new evidence in her first amended complaint, and (3) LaRocca's proposed amendment was futile because she failed to exhaust her administrative remedies.

The district court overruled LaRocca's objections and adopted the magistrate judge's memorandum and recommendation as the opinion of the court. The district court also addressed two arguments made in LaRocca's objections, concluding that (1) because LaRocca raised new evidence and arguments that were neither presented to the magistrate judge nor presented in her amended complaint, the new arguments were not properly before it, and (2) because LaRocca had already been allowed to amend her complaint once, she was not entitled to do so again.

No. 21-40043

LaRocca appeals the district court's decision, arguing that the court abused its discretion by denying her leave to amend her complaint and by refusing to consider the new evidence and arguments. She also argues that the district court erred in holding that she failed to exhaust her administrative remedies for her claims.

## II.

We begin by determining whether the district court erred in denying LaRocca leave to amend her complaint.

### A.

We review a district court's denial of leave to amend a complaint for abuse of discretion. *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002). Federal Rule of Civil Procedure 16(b) applies to "amendment of pleadings after the deadline set by a scheduling order." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). In a 16(b) inquiry, we consider the following four factors: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (alterations in original) (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

### B.

The magistrate judge in this case issued a scheduling order after conferring with the parties at an initial conference. That order said that "a party seeking to amend a pleading must file a motion for leave demonstrating both good cause and excusable neglect in accordance with Fed. R. Civ. P. 6(b)(1)(B)." In LaRocca's objections to the magistrate judge's memorandum and recommendation, she requested leave to amend her complaint pursuant

to Rule 16. Addressing that argument in its order, the district court ruled that "[b]ecause the court allowed the plaintiff to amend before the defendant filed the motion to dismiss, this request is denied." On appeal, LaRocca asks that we find this to be an abuse of discretion.

Our court has found no abuse of discretion by a district court when it denies a Rule 16 motion provided that the court evaluates the four factors of good cause and concludes they counsel against granting the motion. *See Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). The district court here provided a single reason for its denial that tangentially addresses Federal Rule of Civil Procedure 15(a). *See* FED. R. CIV. P. 15(a)(1) ("A party may amend its pleading once as a matter of course[.]"); FED. R. CIV. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").[2] A district court's failure to apply the correct legal standard at issue is an abuse of discretion. *Cf. Regents of the Univ. of Cal. v. Credit Suisse First Bos. (USA), Inc.*, 482 F.3d 372, 380 (5th Cir. 2007) ("Where a district court premises its legal analysis on an erroneous understanding of governing law, it has abused its discretion."). Here, the district court did not address the Rule 16 factors, and it did not apply the correct legal standard. Accordingly, we reverse the district court's denial of LaRocca's request to amend her complaint.[3]

---

[2] Here the parties agreed to LaRocca's first amendment of her pleadings.

[3] We express no opinion about the merits of LaRocca's motion to amend her complaint. " 'As a court for review of errors,' we do 'not . . . decide facts or make legal conclusions in the first instance,' but 'review the actions of a trial court for claimed errors.' " *Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) (quoting *Browning v. Kramer*, 931 F.3d 340, 345 (5th Cir. 1991)).

No. 21-40043

### III.

We now turn to whether the district court erred in holding that LaRocca failed to exhaust her administrative remedies for her retaliation claim.[4]

### A.

"We review *de novo* a dismissal for failure to exhaust administrative remedies." *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021). Title VII provides for private causes of action arising out of employment discrimination and gives federal courts jurisdiction to resolve such disputes. *Id.* Before suing, a plaintiff must exhaust administrative remedies by filing a charge with the EEOC. *Id.*; 42 U.S.C. § 2000e-5(e)(1).

### B.

The magistrate judge made factual errors in his analysis of LaRocca's retaliation claim, which the district court adopted. The district court found that "her complaints to [AISD] administration regarding the discrimination and harassment she was allegedly subjected to because of her national origin" qualified as a protected activity; however, the court stated that her retaliation claim was not exhausted because "national origin" was not checked on the EEOC charge. This reasoning does not hold for two reasons. First, the court fails to recognize that the EEOC charge does have *retaliation* checked. "One of the central purposes of the employment discrimination charge is to put employers on notice of 'the existence and nature of the charges against them.'" *Manning v. Chevron Chem. Co., LLC,* 332 F.3d 874, 878-79 (5th Cir. 2003) (quoting *EEOC v. Shell Oil Co.,* 466 U.S. 54, 77 (1984)); *see also id.* at

---

[4] Because the remand on the denial of leave to amend will determine if LaRocca's hostile work environment claim survives, we do not address whether she exhausted the administrative remedies for that claim.

No. 21-40043

876 (highlighting that checking particular boxes serve as a means of alleging particular claims). By checking the "retaliation" box on her charge, LaRocca certainly put her employer on notice that she was alleging retaliation.

Second, the addendum to LaRocca's EEOC charge contained the following:

> On January 25, 2019, Lisa promptly filed a formal grievance/complaint because the forced resignation was made under duress. Lisa's grievance complained of 1) Hostile work environment and the forced resignation, 2) Sexual harassment 3) Unfair reprimands 4) Discrimination based on sex and race [Exhibit 1- Level One Grievance]. Shortly thereafter, Lisa was placed on yet another administrative leave. This administrative leave occurred during an active and ongoing grievance process and was a retaliatory act geared to force Lisa out of the District.

This description, highlighting that LaRocca filed a formal grievance with AISD and then was placed on administrative leave, combined with "retaliation" being checked on her EEOC charge form, demonstrates that LaRocca exhausted her administrative remedies for her retaliation claim.[5] Thus, the district court erred by dismissing LaRocca's retaliation claim on the basis that "discrimination based on national origin" was not supported by the EEOC charge. Accordingly we reverse the holding that she failed to exhaust her administrative remedies for her retaliation claim and remand to the district court for further proceedings.

---

[5] Importantly, these factual allegations in LaRocca's EEOC charge addressing retaliation do not mention national origin. But the magistrate judge reports that her complaints to AISD pertained to national origin discrimination.

No. 21-40043

## IV.

For the foregoing reasons, we REVERSE and REMAND for further proceedings.