IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LISA LAROCCA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No.   3:20cv00134 |
| VS. | § | |
| | § | Jury Trial Requested |
| ALVIN INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

# PLAINTIFF'S MOTION FOR LEAVE TO FILE
# SECOND AMENDED COMPLAINT

Plaintiff Lisa LaRocca files this Motion for Leave to File Second Amended Complaint. The proposed Second Amended Complaint is an attachment to this motion.

1. Plaintiff filed her Complaint on April 28, 2020. Doc. 1. Plaintiff filed her First Amended Complaint on June 18, 2020. Doc. 10. Defendant filed a motion to dismiss on June 25, 2020. Doc. 11. On October 28, 2020, Magistrate Judge Edison recommended that the Court grant the motion to dismiss and that the Court deny Plaintiff's request to amend. Doc. 22. On December 10, 2020, the Court adopted the recommendation and dismissed the case. Doc. 32.

2. On April 22, 2022, the Fifth Circuit reversed the dismissal. The Fifth Circuit held that (a) the Court erred in denying Ms. LaRocca's request to amend her

1

complaint on the ground that she had already amended once, and (b) the Court erred in finding that Ms. LaRocca failed to exhaust her retaliation claim before the EEOC. The Fifth Circuit did not address the merits of the request to amend or the merits of the exhaustion issue with respect to the national origin discrimination claim.

3. Ms. LaRocca now moves for leave to file the Second Amended Complaint, which is an attachment to this motion.

(a) The Second Amended Complaint would streamline and clarify the factual allegations in the case.

(b) The Second Amended Complaint would add the exhaustion allegations for the national origin discrimination claim that were at issue in the Fifth Circuit. Second Amended Complaint ¶ 44.

(c) The Second Amended Complaint would add claims under the Rehabilitation Act of 1973 and Title II of the ADA. Second Amended Complaint ¶¶ 47-50. While the Complaint and the First Amended Complaint did not expressly assert claims under those statutes, both of those pleadings alleged that Ms. LaRocca engaged in protected activity when she complained about violations of special education law and that Alvin ISD retaliated against her for making those complaints. Complaint ¶ 68 ("Mrs. LaRocca participated in protected activity when she complained about non-compliance with special education laws

governing documentation and paperwork."); *id.* ¶ 69 ("Mrs. LaRocca participated in protected activity when she complained about the lack of training for the job assignment she was given as a Special Education Case Manager."); First Amended Complaint ¶¶ 74-75.  Ms. LaRocca pleaded these allegations as part of a claim under Title VII, but in fact these allegations properly state a claim under the Rehabilitation Act and Title II of the ADA.  *See, e.g., Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 826-28 (9th Cir. 2009).  The claims under those statutes in the Second Amended Complaint relate back to the filing of the lawsuit because the claims "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).

4.  When a party seeks leave to amend, "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  At this stage of the litigation, the interests of justice favor eliminating the pleading deficiency that led to the erroneous non-exhaustion finding, as well as correcting the failure to allege the proper statutes for the special education retaliation claim.

5.  The Court should also issue a new Docket Control Order, so that this case may proceed to discovery and then trial.

The Court should grant leave to file the Second Amended Complaint.

3

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes
State Bar No. 09907150
Southern District No. 5494
Law Offices of David C. Holmes
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Facsimile: 713-586-8863
dholmes282@aol.com

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Alvin ISD concerning this motion and that counsel for Alvin ISD stated that his client likely opposed this motion.

/s/ David C. Holmes
David C. Holmes

## **CERTIFICATE OF SERVICE**

I certify that a copy of this pleading was electronically served on all counsel of record on September 22, 2022.

/s/ David C. Holmes
David C. Holmes

4