# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| LISA LAROCCA, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:20-cv-00134 |
| § | |
| ALVIN INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Plaintiff Lisa LaRocca ("LaRocca") has requested leave to file a Second Amended Complaint. *See* Dkt. 41. Defendant Alvin Independent School District ("AISD") opposes the request. For the reasons set forth below, I will allow LaRocca to file her Second Amended Complaint.

This case has a bit of an unusual procedural history. LaRocca's Original Complaint asserted two causes of action under Title VII of the Civil Rights Act of 1964: hostile work environment based on national origin and retaliation. After accepting service, AISD's lawyers let LaRocca's lawyer know that AISD planned on filing a motion to dismiss the complaint. In accordance with the Galveston Local Rules of Procedure in effect at that time, AISD gave LaRocca an opportunity to amend her complaint before filing such a motion. LaRocca took advantage of the opportunity and filed a First Amended Complaint. The First Amended Complaint, like the Original Complaint, alleges two causes of action: hostile work environment based on national origin and retaliation. AISD then moved to dismiss both of LaRocca's claims for failure to exhaust administrative remedies and failure to state a claim.

I recommended that the case be dismissed. After I issued my ruling, LaRocca brought in new counsel who (1) objected to my Memorandum and Recommendation; and (2) sought leave to file a Second Amended Complaint.

Because LaRocca had already been given the opportunity to amend her complaint, Judge Jeffrey V. Brown refused to allow LaRocca to file an amended pleading. Judge Brown also adopted my Memorandum and Recommendation.

On appeal, the Fifth Circuit held that Judge Brown and I erred in holding that LaRocca failed to exhaust her administrative remedies for her retaliation claim. The Fifth Circuit also held that Judge Brown erred in denying LaRocca's request to amend her complaint on the ground that she had already amended once. The Fifth Circuit did not address the merits of the request to amend or the merits of the exhaustion issue with respect to national origin discrimination.

At the outset of this case, I issued a Docket Control Order. That Docket Control order established various deadlines: amendments to pleadings, expert witness designations, completion of discovery, and the filing of dispositive motions. The pleading deadline, as set forth in the Docket Control Order, has passed. LaRocca has now moved to file a Second Amended Complaint. *See* Dkt. 41. A copy of the proposed Second Amended Complaint is attached to LaRocca's motion. *See* Dkt. 41-1. According to LaRocca, the Second Amended Complaint "would streamline and clarify the factual allegations in the case," "add the exhaustion allegations for the national origin discrimination claim," and "add claims under the Rehabilitation Act of 1973 and Title II of the [Americans with Disabilities Act]." Dkt. 41 at 2.

Federal Rule of Civil Procedure 15(a) provides that a district court "should freely give leave [to amend a complaint] when justice so requires." FED. R. CIV. P. 15(a)(2). Although Rule 15 ordinarily governs the amendment of pleadings, "Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quotation omitted). Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The Fifth Circuit instructs district courts to consider the following four factors when deciding whether to allow an amendment to the pleadings after the deadline

identified in a scheduling order has expired: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (cleaned up).

As to the first factor, AISD argues that LaRocca has failed to proffer a viable explanation for her failure to timely move for leave to amend her complaint. In response, LaRocca claims that she was unable to previously amend her complaint to add specific allegations about Equal Employment Opportunity Commission ("EEOC") exhaustion because her former trial counsel did not obtain her EEOC files from her EEOC counsel. LaRocca acknowledges that her prior trial counsel could have advanced claims under the Section 504 of the Rehabilitation Act and Title II of the ADA, but surmises that "[i]t is likely that she simply did not know that she could assert a claim under the Rehabilitation Act or the ADA" because she is not an employment law specialist. Dkt. 46 at 8. This is a close call. While I certainly appreciate AISD's argument, I am swayed by LaRocca's acknowledgment "that this matter could have handled better by [former counsel]. However, the amendment cures defects in the prior pleadings and advances the case toward a determination on the merits." *Id*. I concur. I am not going to penalize LaRocca for the alleged deficiencies of her prior counsel. The first factor weighs in favor of allowing amendment.

Turning to the second factor (the importance of the amendment), the proposed amendment is unquestionably significant. LaRocca is not simply trying to make cosmetic changes to the lawsuit. She wants to add two new claims for relief and include exhaustion allegations for the national origin discrimination claim. Accordingly, the proposed amendment is important, and this factor also weighs in favor of allowing amendment.

The third factor asks whether there would be potential prejudice in allowing the amendment. "A defendant is prejudiced if an added claim would require the

defendant to reopen discovery and prepare a defense for a claim different from the one that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (cleaned up). I have a hard time seeing how AISD would suffer any prejudice in this case if I allow amendment. Discovery has yet to commence. AISD has not even filed an answer. Given that this case is still in its infancy, I think the prejudice factor tilts toward allowing the Second Amended Complaint.

Lastly, the fourth factor requires me to determine whether the availability of a continuance will cure any prejudice. AISD expressly conceded this factor, probably because both parties acknowledge that I need to put in place a Docket Control Order to govern future proceedings now that the case has been remanded by the Fifth Circuit. Although I do not believe AISD will suffer any prejudice by LaRocca filing a Second Amended Complaint, there is no doubt in my mind that I can put in place a schedule that will cure any perceived prejudice. As such, the fourth factor also supports allowing amendment.

Because all four factors support allowing LaRocca to amend her lawsuit, I will grant her motion for leave to file a Second Amended Complaint. I fully realize that even if a plaintiff offers a persuasive explanation for the failure to timely amend her pleadings, "[a] futile amendment need not be allowed under Rule 16(b)." *Adams Fam. Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 381 n.9 (5th Cir. 2011). AISD offers a number of reasons why it believes LaRocca's proposed new claims under Section 504 of the Rehabilitation Act and Title II of the ADA are not actionable. Instead of ruling on those arguments now, I think the better course of action is to allow a robust discussion in a fully briefed motion to dismiss, which will be ruled on promptly to allow the parties to move forward with whatever claims survive.

The clerk is thus ordered to file the Second Amended Complaint (Dkt. 41-1) as a new docket entry in the record. I will separately issue an Amended Docket Control Order to govern future proceedings in this matter. To the extent AISD would like to move to dismiss the Second Amended Complaint, I grant AISD leave

to do just that without the need to give LaRocca a further opportunity to amend the complaint. Any such motion to dismiss should be filed by Friday, June 16, 2023.

SIGNED this 30th day of May 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE